771 P.2d 916

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert SPURR, Defendant–Appellant.**

**No. 16897.**

Court of Appeals of Idaho.

April 7, 1989.

899

Michael J. Vrable, Hayden Lake, for defendant-appellant.

Jim Jones, Atty. Gen. by Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

This is an appeal from a judgment of conviction for delivery of a controlled substance. The state's evidence showed that Robert Spurr sold methamphetamine to a confidential informant working for the Idaho Department of Law Enforcement. Spurr now asserts that the jury was not properly instructed (1) on how to evaluate circumstantial evidence, and (2) on how to evaluate the credibility of an informant-witness. Finding no reversible error, we affirm the judgment of conviction.

Spurr operated a tavern at Hayden Lake. One of his patrons was a woman who eventually became the state's confidential informant. After becoming an informant, she approached Spurr and asked if he would sell her some "crank" (a street name for methamphetamine). He said he would. Shortly before the sale, the informant had a tape-recorded telephone conversation with Spurr, during which the drug transaction was arranged. The informant then went to Spurr's tavern and bought the drug. While doing so, she carried a radio transmitter, enabling law enforcement officers to monitor and record the transaction. Through a similar sequence of events, the informant later made two more recorded drug purchases. After the third sale, law enforcement officers arrested Spurr. They found in his trouser pockets the marked currency used to make the final purchase.

At trial the state presented the tape recordings, the testimony of the informant and the testimony of several law enforcement officers. Spurr testified in his own defense. He admitted making the sales. However, he asserted that he was a victim of entrapment. The jury disagreed, returning a verdict of guilty on three counts of delivering a controlled substance. Judgment of conviction was entered and this appeal followed.

I

Spurr argues that the trial judge should have given what is known as a *Holder* instruction, containing the following language:

A finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only consistent with [guilt] but cannot be reconciled with any other rational conclusion.... Also, if the evidence is susceptible of two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, it is

your duty to adopt the interpretation which points to the defendant's innocence.

*State v. Holder*, 100 Idaho 129, 132, 594 P.2d 639, 642 (1979). *See also State v. Curry*, 103 Idaho 332, 647 P.2d 788 (Ct. App.1982) (approving the particular form of *Holder* instruction requested in this case).

The trial judge refused to give the requested instruction, but he did instruct the jury as follows:

To convict the defendant, the evidence must, to your minds, exclude every reasonable hypothesis other than the guilt of the defendant. If after consideration of all the evidence in the case, you can reasonably explain the facts given in evidence on any reasonable ground other than the guilt of the defendant, you should acquit.

This language—a watered-down version of the *Holder* instruction—was patterned after an instruction given in *State v. Paradis*, 106 Idaho 117, 676 P.2d 31, *cert. denied*, 468 U.S. 1220, 104 S.Ct. 3592, 82 L.Ed.2d 888 (1984). In that case, our Supreme Court did not endorse the watered down language, but noted that the instruction had been given without objection. The Court held that no "fundamental error" had occurred. More recently, in *State v. Nelson*, 112 Idaho 245, 731 P.2d 788 (Ct. App.1987), we declared that the *Holder* instruction had not been abandoned by the Supreme Court in *Paradis*. We stated that *Holder* remains the law in Idaho and that an instruction based upon it must be given when requested in any case where the state's evidence is wholly circumstantial. The Supreme Court granted review and affirmed our decision. *State v. Nelson*, 114 Idaho 292, 756 P.2d 409 (1988).

The converse of our holding in *Nelson* is that where the state's evidence is *not* entirely circumstantial, the trial judge may refuse to give an instruction based on *Holder*. *State v. Stoddard*, 105 Idaho 533, 670 P.2d 1318 (Ct.App.1983); *State v. Smoot*, 99 Idaho 855, 590 P.2d 1001 (1978). We believe the converse applies to the instant case. The evidence of Spurr's criminal conduct was not entirely circumstantial.

Indeed, very little of the evidence could be so characterized. It consisted primarily of tape recordings and the testimony of individuals who monitored and participated in the drug transactions. We believe a *Holder* instruction was not required in this case. Consequently, we need not decide whether the instruction given by the trial judge departed impermissibly from the *Holder* model.

## II

Spurr next argues that the judge should have given a requested instruction advising the jury to examine a paid informant's testimony with greater caution than the testimony of ordinary witnesses. Our decision in *State v. Nelson, supra*, also addressed this topic. We noted that some courts require such an instruction to be given on request, especially "where the informant's testimony is the sole or primary evidence against the accused, or where the informant's testimony is uncorroborated." 112 Idaho at 252, 731 P.2d at 795. We went on to observe that these circumstances did not exist in *Nelson* and that "failure to give the requested instruction was, at most, harmless error." *Id.* at 253, 731 P.2d at 796. We refrained from directing the district court to give such an instruction in a subsequent trial, even though the case was being remanded on other grounds.

Our refusal to mandate a cautionary instruction in *Nelson* was consistent with decisions in other jurisdictions, holding that such an instruction need be given only if the informant is the sole source of strong evidence against the defendant—the prosecution having presented no substantial independent evidence of guilt. *E.g., United States v. Robertson*, 706 F.2d 253, 255 (8th Cir.1983); *United States v. Patterson*, 648 F.2d 625, 631 (9th Cir.1981). Here, as in *Nelson*, such circumstances do not exist. The informant was not the sole source of strong evidence against Spurr, nor was her testimony uncorroborated by substantial, independent evidence of Spurr's guilt. To the contrary, her testimony was almost entirely corroborated by tape recordings of

the telephone and in-person conversations during which the drug sales were arranged and transacted. Further corroboration was provided by the physical evidence and by the testimony of law enforcement officers who monitored the transactions.

We acknowledge that Spurr sought the cautionary instruction to bolster his defense of entrapment. There was some conflict in the evidence as to how the informant initially broached the subject of drugs when she inquired about a possible sale. The informant's account of this initial inquiry was not independently corroborated. However, nothing in the conversations later recorded would even suggest that Spurr was anything less than a fully willing participant in the drug transactions. Moreover, Spurr's counsel did a thorough job at trial in challenging the informant's credibility during cross-examination and in bringing her potential bias as a paid informant to the jury's attention. Upon this record, we conclude that the trial judge did not commit reversible error by failing to give a cautionary instruction on informant testimony. *Accord, e.g., United States v. LoRusso,* 695 F.2d 45 (2d Cir.1982), *cert. denied sub. nom., Errante v. United States,* 460 U.S. 1070, 103 S.Ct. 1525, 75 L.Ed.2d 948 (1983); *Evans v. State,* 574 P.2d 24 (Alaska 1978).

The judgment of conviction is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.