40 P.3d 129

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard WILSON, Defendant–Appellant.**

No. 27075.

Court of Appeals of Idaho.

Nov. 28, 2001.

Molly J. Huskey, Interim State Appellate Public Defender; Mary K. Patton, Special Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

This appeal requires that we determine whether the district court in a criminal case possesses jurisdiction to rule upon a motion for withdrawal of the defendant's guilty plea when the motion was filed after the defendant had filed a notice of appeal from the judgment of conviction.

## BACKGROUND

Richard Wilson was charged with delivery of a controlled substance, Idaho Code § 37-2732(a)(1)(A), possession of a controlled substance with intent to deliver, I.C. § 37-2732(a)(1)(A), and conspiracy to deliver a controlled substance, I.C. § 37-2732(f). The information also alleged that Wilson was subject to a sentence enhancement under I.C. § 19-2514 for being a persistent violator. Pursuant to a plea agreement, Wilson entered an *Alford* plea[1] of guilty to possession of a controlled substance with intent to deliver, and the prosecution dismissed the other charges and agreed to recommend a two-year determinate sentence. The district court did not follow that recommendation but, instead, imposed a unified fifteen-year sentence with a five-year determinate term. The court also ordered Wilson to reimburse the county in the amount of $500 for services of the public defender.

Wilson filed a timely notice of appeal from the judgment of conviction and, the next day, filed a motion to withdraw his guilty plea.

The district court concluded that the filing of the appeal deprived the district court of jurisdiction to act upon Wilson's motion for withdrawal of his plea. Accordingly, the district court issued an order declining to hear the motion.

On appeal, Wilson contends that the district court erred in holding that it lacked jurisdiction to resolve the motion for withdrawal of Wilson's guilty plea. Wilson also contends that the district court imposed an excessive sentence and erred in ordering that Wilson reimburse the county for public defender services.

## ANALYSIS

### A. District Court's Jurisdiction

■ We consider first the issue of the district court's jurisdiction to address a motion for withdrawal of a guilty plea after the defendant has filed an appeal from the judgment of conviction. Once a notice of appeal has been filed, a trial court's jurisdiction to take further action is limited. Idaho Appellate Rule 13(c) enumerates the types of actions that may be taken by a trial court during the pendency of a criminal appeal. The powers specified in that rule include the authority to take such actions as settling the transcript on appeal, I.A.R. 13(c)(1), ruling upon a motion for a new trial, I.A.R. 13(c)(2), granting, modifying or revoking probation, I.A.R. 13(c)(6), and ruling on a motion to correct or reduce a sentence, I.A.R. 13(c)(11). Rule 13(c) also includes a "catch-all" provision in subsection (10) which authorizes the district court to "[e]nter any other order after judgment affecting the substantial rights of the defendant as authorized by law." It is this catch-all authorization upon which Wilson relies for his contention that the district court possessed jurisdiction to resolve Wilson's motion to withdraw his guilty plea notwithstanding the filing of a notice of appeal.

■ In concluding that subsection (10) did not apply here, the district court focused on the last four words of that subsection—"as authorized by law." As we understand the

1. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

ruling, the district court concluded that there must be some separate authorization in a statute, a rule or case law expressly empowering the court to act upon the motion after a notice of appeal has been filed. In our view, the district court interpreted those words too narrowly. We conclude that the words "as authorized by law" merely require that the matter upon which the district court is asked to render an order during the pendency of an appeal must be a type of motion, petition or other matter that is authorized by law. A motion by a defendant for withdrawal of a guilty plea is authorized by Idaho Criminal Rule 33(c) and hence is "authorized by law."

Referring to Rule 13(c)(10) in *State v. Wade*, 125 Idaho 522, 524, 873 P.2d 167, 169 (Ct.App.1994), we observed, "It appears that subsection 10 was intended by the drafters to be a catch-all exception for those orders that are necessarily part of the criminal process and ought not be delayed until the conclusion of an appeal." A motion for withdrawal of a guilty plea is such a matter. If a defendant possesses a meritorious basis for withdrawal of his guilty plea under I.C.R. 33(c), the defendant should not be required to await resolution of that motion merely because an appeal is pending on other issues that have arisen in the criminal case. Because a motion to withdraw a guilty plea is "authorized by law" and because an order on such a motion affects "the substantial rights of the defendant," we conclude that a motion for withdrawal of a guilty plea is one of the matters that I.A.R. 13(c)(10) authorizes a trial court to resolve after the filing of a notice of appeal.

The State argues that another comment from our decision in *Wade* indicates that Rule 13(c)(10) does not apply in the present circumstances. The State asserts that our statement in that opinion that "it appears that the broad language of I.A.R. 13(c)(10) was intended to give the district court jurisdiction to rule upon a motion that has been inadvertently overlooked or that was pending, but not yet decided, when the notice of appeal was filed," was an interpretation limiting the scope of the rule to the circumstances there described. We disagree. That comment in *Wade* merely addresses application

of the rule to the particular type of neglected motion that was there at issue. In *Wade*, the district court had overlooked a motion for appointment of counsel to represent the defendant on a Rule 35 motion for reduction of the sentence until after the Rule 35 motion had been denied and an appeal from that denial had been taken. When the district court discovered the oversight, it issued an order denying the motion for appointment of counsel while the appeal was pending. The statement in the *Wade* opinion upon which the State relies was merely an expression of our holding that I.A.R. 13(c)(10) applied to the type of order that was then before the court; it was not an expression of the limits of subsection (10).

Accordingly, we hold that the district court erred in concluding that it lacked jurisdiction to rule upon Wilson's motion for withdrawal of his guilty plea. On remand, the district court must rule on the merits of that motion.

## B. Sentence

In the interest of judicial economy, and in order to avoid the possible need for a future appeal, we will also address the remaining issues raised by Wilson, although we recognize that those issues could be rendered moot if the district court grants Wilson's motion for withdrawal of his guilty plea on remand.

 Wilson asserts that his unified fifteen-year sentence with a five-year minimum term for possession of methamphetamine with intent to deliver is excessive. We review a sentence on appeal for abuse of the sentencing court's discretion. *See State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The objectives of sentencing, against which the reasonableness of a sentence is to be measured, are the protection of society, the deterrence of crime, the rehabilitation of the offender, and punishment or retribution. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. In examining the reasonableness of a sentence, we focus upon the nature of the offense and the character of the offender. *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct.App.1991). We will find that the trial

court abused its discretion in sentencing only if the sentence is shown to be excessive under any reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 499, 861 P.2d 67, 69 (1993).

The charges against Wilson arose after police, searching his hotel room pursuant to a search warrant, found 7.6 grams of methamphetamine, drug ledgers, drug paraphernalia, and marked currency from a controlled buy that had just been conducted by a confidential informant. This incident was only the most recent in a long record of criminal activity by Wilson. Prior to the present prosecution, Wilson had accumulated more than fifteen felony convictions, commencing in 1963. These included multiple convictions for burglary, possession and/or sale of controlled substances, theft and receiving stolen property, credit card forgery, and one conviction for second degree murder. Given this record of Wilson's incorrigibility, we cannot say that the sentence imposed by the district court was unreasonable.

## C. Order for Partial Reimbursement of Public Defender Fees

■ Wilson next asserts that the district court erred when it ordered him to reimburse Bonneville County $500 for public defender services without first making a finding that Wilson had the ability to pay such an amount. The State argues that this issue has not been preserved for appeal because Wilson did not challenge the reimbursement order before the district court. In our view, however, the issue is properly before us. The reimbursement order was part of the final judgment of conviction, and like other components of the judgment, it properly may be appealed to this Court pursuant to Idaho Appellate Rule 11(c)(6).[2]

Wilson relies on this Court's recent decision in *State v. Weaver,* 135 Idaho 5, 13 P.3d 5, 9 (Ct.App.2000), where we held that under the applicable version of Idaho Code § 19-854(c), an order for reimbursement of public

defender fees was permissible only for defendants having the means to pay. We stated:

[U]nlike statutory provisions dealing with restitution, [I.C. § 19-854] do[es] not allow an order to pay regardless of whether or not a defendant has the resources immediately available. *Compare* I.C. § 19-5304(7) (providing that "the immediate inability to pay restitution by a defendant shall not be, in and of itself, a reason to not order restitution"). Rather, I.C. § 19-854(c) specifically provides that a defendant can only be made to reimburse the state for the defense services rendered "to the extent that ... [he or she] is able [to pay]." Thus, Idaho law requires that a defendant presently have the means to pay for an attorney's services before a reimbursement award can be entered.

In *Weaver,* we held that because the district court had made no findings that the defendant had the capacity to pay for the public defender's services at the time of sentencing, it was error for the court to order reimbursement.

After the issuance of our opinion in *Weaver,* the Idaho legislature amended § 19-854(c), effective April 2, 2001, to allow orders for reimbursement of public defender fees regardless of whether the defendant has the present ability to pay. 2001 Idaho Sess. Laws, ch. 287, § 1 at 1023. However, Wilson's conviction occurred before the effective date of that amendment, and therefore our ruling in *Weaver* applies in Wilson's case. Here, the district court made no inquiry or findings regarding Wilson's financial means before ordering the reimbursement. Therefore, we hold that the district court erred in making the reimbursement order.

## CONCLUSION

The district court's order declining to consider Wilson's motion for withdrawal of his guilty plea is reversed as is the order for payment of public defender fees. The case is

---

**2.** This case may be distinguished from *State v. Stewart,* 122 Idaho 284, 287, 833 P.2d 917, 920 (Ct.App.1992), upon which the State relies. In that case, the defendant was appealing from a misdemeanor conviction in the magistrate court. He did not raise the public defender reimburse-

ment issue in the intermediate appeal to the district court, and we therefore deemed the issue waived. *See State v. Lesley,* 133 Idaho 23, 25, 981 P.2d 748, 750 (Ct.App.1999); *State v. Bailey,* 117 Idaho 941, 943, 792 P.2d 966, 968 (Ct.App. 1990).

remanded to the district court for consideration of Wilson's motion for withdrawal of his guilty plea.

Chief Judge SCHWARTZMAN and Judge PERRY CONCUR.