**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 41278/41279**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 812** |
| | ) | |
| **Plaintiff-Appellant-Cross Respondent,** | ) | **Filed: November 10, 2014** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **BRYANN KRISTINE LEMMONS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Respondent-Cross** | ) | **BE CITED AS AUTHORITY** |
| **Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying motion for judgment of acquittal and granting motion for new trial on trafficking and conspiracy to traffic counts, <u>reversed</u> and <u>remanded</u>; order granting motion for reconsideration acquitting on the trafficking and conspiracy to traffic counts, <u>reversed</u>; and order denying motion for acquittal or in the alternative for new trial on the lesser included offenses of delivery, <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Fuller Law Offices; Daniel S. Brown, Twin Falls, for respondent. Daniel S. Brown argued.

---

GUTIERREZ, Chief Judge

A jury found Bryann Kristine Lemmons guilty of two counts of trafficking in methamphetamine and two counts of conspiracy to traffic in methamphetamine. After post-verdict motions and hearings, the district court acquitted Lemmons of the two trafficking counts and two conspiracy counts, but denied an acquittal or a new trial on delivery, a lesser included offense of trafficking. The State filed an interlocutory appeal, and Lemmons filed an interlocutory cross-appeal. For the reasons that follow, we affirm in part, reverse in part, and remand.

1

# FACTS AND PROCEDURE

A paid confidential informant, working with the Idaho State Police, arranged to purchase methamphetamine on two occasions with a third party.[1] On each occasion, the informant was fitted with an audio transmitter and was monitored by law enforcement. After the informant picked up the third party, the informant and third party drove to Lemmons' mobile home where they completed the sale of what Lemmons represented to be an ounce of methamphetamine.

Lemmons was charged with two counts of trafficking in methamphetamine by delivering methamphetamine in an amount that she represented to be 28 grams or more and two counts of conspiracy to traffic in methamphetamine. Idaho Code §§ 37-2732B(a)(4)(A), 37-2732B(c), 18-1701. At trial, the State presented evidence that the actual weight of the methamphetamine delivered by Lemmons on each occasion was slightly less than 28 grams, but also presented evidence that she had represented to the informant that the deliveries were one ounce of methamphetamine.[2] The State also presented testimony from law enforcement officers, including an officer who monitored the transactions; the paid confidential informant; and a forensic scientist. For the defense, Lemmons' brother testified, but Lemmons did not. In rebuttal, the State recalled the officer who monitored the transactions. During his rebuttal testimony, the officer testified that an ounce of methamphetamine is "[a]pproximately 28" grams. Before closing argument, Lemmons moved the court for an acquittal, arguing in part that the State had failed to prove one or more of the elements for each of the counts, but she did not in that motion challenge the sufficiency of the evidence to prove that the alleged represented quantity (one ounce) equaled or exceeded 28 grams. The court denied the motion.

After denying the motion, the court provided the jury with the final jury instructions. Relevant to the two counts of trafficking in methamphetamine, the court instructed the jury to first determine if Lemmons was guilty of delivery, a lesser included offense of trafficking, before determining whether Lemmons was guilty of trafficking. The verdict form similarly required the jury to determine whether Lemmons was guilty of delivery before determining whether she had

---

[1] The third party was acting as a middle man between the informant and Lemmons.

[2] An avoirdupois ounce equals 28.349 grams. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1399 (1993).

committed trafficking. After determining whether Lemmons was guilty of delivery in part one of each count, part two asked the jury, "Did the person who sold or delivered the methamphetamine represent that it weighed 28 grams or more?" The jury found Lemmons guilty of both counts of trafficking, indicating first that she was guilty of delivery, and of both counts of conspiracy to traffic in methamphetamine.

After the verdict, Lemmons filed a renewed motion for judgment of acquittal or, in the alternative, a motion for a new trial. Lemmons contended that the State had not shown that she delivered 28 grams or more, an element of trafficking, because there was no testimony that an ounce was 28 grams or more. After a hearing, the district court denied the motion for judgment of acquittal and granted the motion for a new trial on the trafficking and conspiracy to traffic counts, but denied the motion for new trial on delivery, treating the charges as if trafficking and delivery were separate counts or as if trafficking was a sentencing enhancement rather than a separate offense. The State filed an interlocutory notice of appeal from the order allowing a new trial.

Following the State's notice of appeal, Lemmons filed a motion for reconsideration with the district court. After another hearing, the district court issued an order granting the motion for reconsideration in part and denying it in part. The district court acquitted Lemmons of the trafficking and conspiracy to traffic counts, but it denied the motion for reconsideration as to the portion of the jury verdict finding Lemmons guilty of delivery. Lemmons filed an interlocutory cross-appeal.

## II.

## ANALYSIS

On appeal, the State argues that the district court erred by granting a new trial because the jury's verdict was not contrary to law or evidence. *See* I.C. § 19-2406(6) (providing that a district court may grant a new trial "[w]hen the verdict is contrary to law or evidence"). However, approximately six months before the State filed its appellate brief, the district court acquitted Lemmons of the trafficking and conspiracy to traffic counts.[3] At oral argument, a

---

[3]    Lemmons generally argues that this Court is barred from considering the State's appeal because she was acquitted, citing *Evans v. Michigan*, ___ U.S. ___, 133 S. Ct. 1069 (2013). However, Lemmons ignores the "single exception" that permits an appellate court to consider the propriety of a post-verdict acquittal. *See Smith v. Massachusetts*, 543 U.S. 462, 467 (2005).

member of this Court expressed concern whether the district court had the authority to entertain a motion for reconsideration, grant the motion for reconsideration, and acquit Lemmons while the State's appeal was pending. Whether the trial court has the authority to entertain a motion after the proceedings are stayed by an appeal raises a question relating to the trial court's jurisdiction. *See State v. Wilson*, 136 Idaho 771, 772, 40 P.3d 129, 130 (Ct. App. 2001); *State v. Wade*, 125 Idaho 522, 524, 873 P.2d 167, 169 (Ct. App. 1994) (per curiam). A question of subject matter jurisdiction is fundamental; it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal. *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003). Even if jurisdictional questions are not raised by the parties, we are obligated to address them, when applicable, on our own initiative. *Id.* The question of a court's subject matter jurisdiction is a question of law over which this Court exercises free review. *Id.*

**A.     The District Court's Consideration of Lemmons' Motion for Reconsideration**

After the notice of appeal had been filed by the State in this case, the district court entertained a motion for reconsideration and ruled on the motion. When a notice of appeal is filed, the proceedings before the trial court are stayed, as provided for in Idaho Appellate Rule 13(c). *State v. Schwarz*, 133 Idaho 463, 466, 988 P.2d 689, 692 (1999); *Wilson*, 136 Idaho at 772, 40 P.3d at 130. The trial court is permitted to take certain actions during the pendency of an appeal, as enumerated in I.A.R. 13(c). *Wilson*, 136 Idaho at 772, 40 P.3d at 130 ("Idaho Appellate Rule 13(c) enumerates the types of actions that may be taken by a trial court during the pendency of a criminal appeal."); *Wade*, 125 Idaho at 524, 873 P.2d at 169 (following the filing of an appeal in a criminal action, "The district court then lacks authority to enter orders in the case, except as to certain matters enumerated in Rule 13(c)."). The powers specified in that rule include the authority to take such actions as settling the transcript on appeal, I.A.R. 13(c)(1); ruling upon a motion for a new trial, I.A.R. 13(c)(2); granting, modifying or revoking probation, I.A.R. 13(c)(6); and ruling on a motion to correct or reduce a sentence, I.A.R. 13(c)(11). *Wilson*, 136 Idaho at 772, 40 P.3d at 130. In addition, Rule 13(c)(10) includes a catch-all provision that authorizes the trial court to "[e]nter any other order after judgment affecting the substantial rights of the defendant as authorized by law."

The only enumerated power potentially relevant to the grant of the motion for reconsideration in this case is the catch-all provision, I.A.R. 13(c)(10). In *Wade*, this Court

4

examined the catch-all provision and interpreted the rule to prohibit trial courts from reconsidering or making *post hoc* rationalizations of previous rulings:

> It appears that subsection 10 was intended by the drafters to be a catch-all exception for those orders that are necessarily part of the criminal process and ought not be delayed until the conclusion of an appeal. A trial court may not reconsider or make post hoc rationalizations of previous rulings once a notice of appeal is filed.

*Wade*, 125 Idaho at 524, 873 P.3d at 169. We continued by citing several civil cases that held that a court could not reconsider a prior ruling once a notice of appeal was filed. *Id.* But we noted that the broad language of the catch-all provision "was intended to give the district court jurisdiction to rule upon a motion that has been inadvertently overlooked or that was pending, but not yet decided, when the notice of appeal was filed." *Id.*; *see also Wilson*, 136 Idaho at 773, 40 P.3d at 131 (explaining that the preceding statement in *Wade* "was merely an expression of our holding that I.A.R. 13(c)(10) applied to the type of order that was then before the court; it was not an expression of the limits of subsection (10)"). Thus, we held that, "after an appeal is filed, a district court in a criminal proceeding may enter an order on a motion filed prior to the appeal where such ruling merely completes the record and does not in any way alter an order or judgment from which the appeal has been taken." *Wade*, 125 Idaho at 524, 873 P.3d at 169.

The Idaho Criminal Rules do not specifically provide for nor prohibit a motion for reconsideration. This Court has adopted the position that a trial court is free to entertain a motion for reconsideration, s*ee State v. Montague*, 114 Idaho 319, 320, 756 P.2d 1083, 1084 (Ct. App. 1988), unless the criminal rule upon which the prior motion or subsequent decision by the district court was made prohibits a motion for reconsideration, *see State v. Bottens*, 137 Idaho 730, 731-32, 52 P.3d 875, 876-77 (Ct. App. 2002) (explaining that the district court lacked jurisdiction to hear Bottens' motion for reconsideration because it was a successive motion, and thus the motion was improper under I.C.R. 35, which provides that a party may file only one motion seeking reduction of sentence). Relevant to this appeal, I.A.R. 13(c)(10) applies to motions that are authorized by law, but because a motion for reconsideration of an order granting a motion for a new trial is not recognized in the Idaho Criminal Rules, it is not authorized by law. *Cf. Wilson*, 136 Idaho at 773, 40 P.3d at 131 (recognizing that a motion to withdraw a guilty plea is authorized by law under I.C.R. 33(c)). Accordingly, the district court lacked the authority, while the appeal was pending, to entertain the motion for reconsideration and enter an

5

order on the motion for reconsideration. In summary, the order of the district court granting the motion for reconsideration in part and acquitting Lemmons of the trafficking and conspiracy to traffic counts is reversed.

**B.     The Initial, Post-verdict Order**

We turn now to the district court's initial order following the verdict by which the court purported to grant the motion for new trial as to the trafficking and conspiracy counts, while leaving in place the jury verdict finding Lemmons guilty of the lesser included offenses of delivery. As noted, Lemmons filed a motion for judgment of acquittal or, in the alternative, motion for a new trial. Lemmons contended that the State had not shown that she delivered 28 grams or more, an element of trafficking, because there was no testimony that an ounce was 28 grams or more. After a hearing, the district court denied the motion for judgment of acquittal and granted the motion for new trial on the trafficking and conspiracy to traffic counts, but denied the motion for new trial on delivery. On appeal, we consider the propriety of the district court's initial order in its entirety, as both Lemmons and the State have raised arguments that relate to the combined motion and the court's order on the combined motion. The State argues that the district court erred by granting Lemmons a new trial; the State contends that the only relevant statutory ground for granting a new trial was whether the verdict was contrary to law or evidence, I.C. § 19-2406(6). It argues that Lemmons' conviction is not contrary to the law or evidence because it is a "mathematical scientific fact" that an ounce is a unit of weight greater than 28 grams.

Before turning to the State's argument, we initially consider whether the district court correctly denied the motion for judgment of acquittal. Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131

6

Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

The crime of delivery of a controlled substance is defined in Idaho Code § 37-2732(a)(1)(A); the section dictates that it is unlawful to manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance. Delivery is "the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance, whether or not there is an agency relationship." I.C. § 37-2701(g). Under I.C. § 37-2732B(a)(4), a person who knowingly delivers, brings into Idaho or possesses, whether actually or constructively, 28 grams or more of methamphetamine, amphetamine or a mixture with a detectable amount of either methamphetamine or amphetamine, is guilty of felony trafficking. A person is guilty of felony trafficking of methamphetamine as defined under I.C. § 37-2732B(a)(4) even if the person represents that he or she is selling or delivering 28 grams or more of methamphetamine, but ultimately deliver less than 28 grams. I.C. § 37-2732B(c). Additionally, a person who aids and abets the commission of a crime may be charged as a principal for the crime. I.C. § 18-204. "To 'aid and abet' means to assist, facilitate, promote, encourage, counsel, solicit or incite the commission of a crime." *Howard v. Felton*, 85 Idaho 286, 297, 379 P.2d 414, 421 (1963) (citing I.C. § 18-204). Accordingly, a person who aids and abets the trafficking or delivery of a controlled substance may be charged with trafficking or delivery.

In this case, the State proceeded on the theory that Lemmons committed trafficking by engaging in delivery and conspired to traffic through delivery. The plain language of the trafficking statute required the State to prove beyond a reasonable doubt that Lemmons delivered or represented that she delivered *28 grams or more* of methamphetamine. Throughout the case, the State's evidence was that Lemmons represented she was delivering an *ounce*. It was not until rebuttal that the State offered testimony from an officer that explained that an ounce is *approximately* 28 grams. Therefore, the only evidence before the jury was that Lemmons represented that she delivered approximately 28 grams.

Nonetheless, this Court has previously noted that, "When considering trial evidence and reaching a verdict, jurors are permitted to take into account matters of common knowledge and experience." *State v. Espinoza*, 133 Idaho 618, 622, 990 P.2d 1229, 1233 (Ct. App. 1999). In that case, Espinoza argued that there was no evidence before the jury that he was eighteen years of age or older at the time of the offense, an element of the crime. We held that the jury in Espinoza's case could reasonably infer that Espinoza was over eighteen years old on the night of the offense because he had purchased beer and because the jury observed Espinoza's physical appearance. *Id.* In relevant part, we reasoned that it was common knowledge that alcohol may not be legally purchased by persons who are under the age of twenty-one, and thus the jury could utilize this common knowledge with the fact that Espinoza purchased alcohol. *Id.*

At the hearing on Lemmon's initial, post-verdict motion, the judge expressed his concerns with the evidence presented:

> I agree that there are certain kinds of things that are so common in our world that any semi-educated person should know, that there's 12 inches a foot, that there's three feet in a yard, that I think most people would know that there's, I think, 16 ounces in a pound, maybe two cups in a pint. I mean, we can go on and on and on. But if I ask the people sitting in this courtroom right now, tell me how many square feet there are in an acre of ground, I'll bet you there's not a one of the individuals here who could give me a precise answer to that question. If I asked how many inches are there in a meter, I bet I would get the same answer. I happen to know it's about 39, but I don't know if it's 39 or 39.1 or whatever, and I think that's the real problem with this case is that we are required to accept that a jury can draw reasonable inferences from the evidence and to some extent use their common sense. The question is whether this is a case where they could have done that. They couldn't have done it based upon the actual weight of the drugs because we know it was less than 28 grams. And maybe there were some people on that jury, as the State has suggested, that have enough background and knowledge in the scientific community to have known that. But I would conclude and do conclude that the likelihood of 12 persons on this jury knowing that an ounce is 28.35 grams is virtually impossible. I just don't think that that is a fact of such common notoriety that people in this community would just know that. If it was a different type of case, and we were talking about different types of measurements, maybe I would have reached a different conclusion.

The judge reasoned--and we believe correctly reasoned--that it was *not* a matter of common knowledge and experience than an (avoirdupois) ounce equates to 28.349 grams; therefore, the jury would have to rely upon the evidence presented. The district court was left with a verdict that held that Lemmons had represented she was delivering 28 grams or more

8

when the evidence that was presented was that Lemmons had represented she was delivering *approximately* 28 grams. Approximately means reasonably close to. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 107 (1993). Thus, the evidence was that Lemmons had represented the quantity was reasonably close to 28 grams, even though the State was required to prove beyond a reasonable doubt that Lemmons had represented it was 28 grams or more. In short, there was insufficient evidence for the State to sustain its burden of proving the essential elements of trafficking and conspiracy to traffic beyond a reasonable doubt. Thus, the district court erred by denying Lemmons' motion for an acquittal on these counts. Lemmons is entitled to a judgment of acquittal on the trafficking and conspiracy to traffic counts because the State did not meet its burden of proof on these counts. The deficiency in the evidence does not, however, affect the jury's verdict finding Lemmons guilty of the lesser included offenses of delivery, on which the court instructed the jury (albeit in an unconventional way), as we discuss below.[4]

## C. Lemmons' Cross-appeal

Lemmons' cross-appeal contends that the district court erred by failing to grant Lemmons' motion for acquittal or new trial as to delivery. Lemmons also argues that her constitutional rights were violated by the district court's failure to provide a requested jury instruction. Although these issues were raised in the context of the order granting the motion for reconsideration, which we reversed, the issues raised by Lemmons are equally applicable to the district court's initial, post-verdict order granting a new trial.

### 1. Motion for new trial or acquittal

For the first issue, Lemmons asserts that she was entitled to an acquittal on the lesser included offenses of delivery or, in the alternative, she was entitled to a new trial. A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf,* 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower

---

[4] The district court was under the misimpression that trafficking was an enhancement to the crime of delivery. However, trafficking is actually a separate offense that arises when a person knowingly delivers, brings into Idaho or possesses, whether actually or constructively, 28 grams or more of methamphetamine, amphetamine, or a mixture with a detectable amount of either methamphetamine or amphetamine. Thus, although one of the elements of the crime of trafficking could be delivery, as it was in this case, trafficking is not an enhancement of delivery.

court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993).

Initially, we address Lemmons' argument that she should have been acquitted of delivery because she made a motion for acquittal at the conclusion of the State's evidence, and "[h]ad the District Court made the 'proper' decision during trial, Lemmons would have been granted an acquittal at that time thereby preventing any discussion of jury instructions or lesser included offenses." At the conclusion of the State's evidence, Lemmons did move for an acquittal, but not on the grounds that were advanced in the post-verdict motions and on appeal. Specifically, Lemmons argued in her pre-verdict motion that the confidential informant's statements were not corroborated; Lemmons did not argue that there was insufficient evidence to support the conviction as related to the ounce-to-grams conversion, the grounds upon which she made her post-verdict motions. Lemmons' pre-verdict motion for judgment of acquittal was without merit as it was targeted at the credibility to be given a witness' testimony and not the sufficiency of the evidence; thus, it was properly denied. Furthermore, even if the district court granted the judgment of acquittal before submission to the jury, Idaho Criminal Rule 29 requires the court to consider whether the evidence would be sufficient to sustain a conviction on a lesser included offense. I.C.R. 29(a).

To the extent that Lemmons argues that the district court erred by not acquitting her of delivery in the post-verdict motions, her argument is unavailing.[5] The district court, when it

---

[5] Lemmons also cites to Idaho Code § 19-1719. Relevant to this appeal, the plain language of the statute bars the State from trying a defendant for a lesser included offense *after* the defendant has been convicted or acquitted. I.C. § 19-1719; *but see State v. Seamons*, 126 Idaho 809, 812 n.2, 892 P.2d 484, 487 n.2 (Ct. App. 1995) ("Idaho Code § 19-1719 is similar to I.C. § 18-301 with the exception that it bars only the recharging of the defendant once an acquittal or conviction is entered as to one charge. The same analysis we have applied in the case at bar applies to I.C. § 19-1719 as well. Thus, we believe it is permissible to refile on the lesser included offenses provided the jury was instructed on such offenses at the original trial and was unable to reach a unanimous verdict thereon.").

denied the initial, post-verdict motion for a new trial and for acquittal as to delivery, explained that there was ample evidence for the jury to find that Lemmons had delivered methamphetamine.[6] Although Lemmons asserts that the district court "should [have been] barred from considering Delivery [as] a lesser included offense," this Court has specifically acknowledged that district courts have the "authority to *sua sponte* instruct on lesser included offenses provided the giving of such instructions was reasonable based on the evidence presented." *State v. Rae*, 139 Idaho 650, 653, 84 P.3d 586, 589 (Ct. App. 2004). In this case, there was substantial evidence to support delivery based upon the physical evidence and the testimony from the law enforcement officers, the paid informant, and the forensic scientist. In short, we are persuaded that the district court did not err by denying Lemmons' motion for acquittal as to delivery, for there was substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of delivery beyond a reasonable doubt. We are also persuaded that the district court did not abuse its discretion by denying the motion for new trial as to delivery because the verdict, as it related to delivery, was not contrary to the law or evidence presented, *see* I.C. § 19-2406(6).

## 2. Prosecutorial misconduct

Lemmons also argues she should be granted a new trial because of prosecutorial misconduct in the closing argument. While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, he or she is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273,

---

Lemmons' argument that section 19-1719 applies to this appeal fails for the simple fact that the jury was instructed on both the lesser included offenses of delivery and trafficking; indeed, the jury was instructed to first determine if Lemmons had committed delivery before determining whether Lemmons committed trafficking by representing the quantity to be 28 grams or more. In constitutional parlance, Lemmons has not been placed in jeopardy again, which section 19-1719 seeks to bar.

[6] The judge's remarks at the hearing on the motion for reconsideration are in line with his earlier remarks. At the hearing on the motion for reconsideration, the district court explained that there was insufficient evidence to sustain the "enhancement finding" of 28 grams or more. However, the district court noted that it would deny the motion to acquit Lemmons of delivery "because this jury was instructed on the elements of delivery, and they reached a verdict of guilty on those elements. And that verdict--those verdicts were supported by evidence, I think I've already ruled that."

285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.* Lemmons made no contemporaneous objection to the prosecutor's assertion that a witness testified that an ounce is more than 28 grams at trial. In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when a defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id*. at 226, 245 P.3d at 978.

During the closing argument, the prosecutor stated, "You also heard the testimony of [the officer monitoring the transactions] who said that an ounce is *more than* 28 grams." (Emphasis added.) However, the officer's testimony at trial was that an ounce is *approximately* 28 grams. Assuming that this statement amounted to prosecutorial misconduct that violated an unwaived constitutional right and plainly existed, we examine whether the misconduct affected the outcome of the trial proceedings. For the trafficking and conspiracy to traffic counts, to which the prosecutor's statement would be relevant, the issue is moot because Lemmons, upon remand, will be acquitted of these counts. As to delivery, the statement only related to the conversion of an ounce to grams and not to whether Lemmons was committing delivery. Accordingly, we are persuaded that any prosecutorial misconduct was harmless beyond a reasonable doubt, as it relates to delivery.

### 3. Requested jury instruction

Last, Lemmons argues that her constitutional rights were violated by the district court's failure to provide a requested jury instruction. Midtrial, Lemmons requested the court to instruct the jury on the level of scrutiny that they should use in examining the paid informant's testimony:

> You have heard testimony that ___, a witness, has received compensation from the government in connection with this case. You should examine ___'s testimony with greater caution than that of ordinary witnesses. In evaluating that testimony, you should consider the extent to which it may have been influenced by the receipt of compensation from the government.

The court denied the request, explaining in relevant part that the instruction commented on the credibility of the witness.

The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). "A trial court presiding over a criminal case must instruct the jury on all matters of law necessary for the jury's information." *Severson*, 147 Idaho at 710, 215 P.3d at 430 (citing I.C. § 19-2132). Each party may request the court to give a specific instruction, but the instruction will only be given if it is "correct and pertinent." *Id.* "A proposed instruction is not 'correct and pertinent' if it is: (1) an erroneous statement of the law; (2) adequately covered by other instructions; or (3) 'not supported by the facts of the case.'" *Id.* (quoting *State v. Olsen*, 103 Idaho 278, 285, 647 P.2d 734, 741 (1982)).

We are persuaded that the district court did not err by not giving the requested instruction. This Court has previously addressed a paid-informant jury instruction in *State v. Spurr*, 115 Idaho 898, 771 P.2d 916 (Ct. App. 1989) and *State v. Nelson*, 112 Idaho 245, 731 P.2d 788 (Ct. App. 1986). In *Spurr*, we summarized our previous discussion in *Nelson*:

> We noted that some courts require such an instruction to be given on request, especially "where the informant's testimony is the sole or primary evidence against the accused, or where the informant's testimony is uncorroborated." We went on to observe that these circumstances did not exist in *Nelson* and that "failure to give the requested instruction was, at most, harmless error." We refrained from directing the district court to give such an instruction in a subsequent trial, even though the case was being remanded on other grounds.
>     Our refusal to mandate a cautionary instruction in *Nelson* was consistent with decisions in other jurisdictions, holding that such an instruction need be given only if the informant is the sole source of strong evidence against the defendant--the prosecution having presented no substantial independent evidence of guilt.

*Spurr*, 115 Idaho at 900, 771 P.2d at 918 (citations omitted). In *Spurr*, the paid informant was not the sole source of strong evidence against Spurr and the informant's testimony was corroborated by telephone and in-person recordings. *Id.* at 900-01, 771 P.2d at 918-19. In addition, the paid informant's testimony was corroborated by physical evidence and by testimony of law enforcement officers who monitored the transactions. *Id.* at 901, 771 P.2d at

13

919. Similarly in this case, the informant's testimony was corroborated by physical evidence and by a law enforcement officer who monitored the transactions. Accordingly, we are persuaded that the district court did not err when it refused to give the requested jury instruction.

## III.

## CONCLUSION

We conclude that the district court lacked the authority to entertain and rule upon the motion for reconsideration once the State had filed a notice of appeal. Accordingly, we reverse the district court's order granting the motion for reconsideration in part and acquitting Lemmons of the trafficking and conspiracy to traffic counts.

For the initial, post-verdict order on Lemmons' motion for judgment of acquittal or, in the alternative, motion for a new trial, the district court erred when it denied the judgment of acquittal as to the trafficking and conspiracy to traffic counts; as a consequence, the court erred when it granted a new trial. The district court did not err by denying Lemmons' motion for acquittal as to delivery, for there was substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of delivery beyond a reasonable doubt. We are also persuaded that the district court did not abuse its discretion by denying the motion for new trial because the verdict, as it related to delivery, was not contrary to the law or evidence presented. As for the assertion of prosecutorial misconduct, we are persuaded that any prosecutorial misconduct was harmless beyond a reasonable doubt. Finally, the district court did not err by not providing the requested jury instruction.

Therefore, we affirm in part and reverse in part the initial, post-verdict order denying the judgment of acquittal and granting the new trial on the trafficking and conspiracy to traffic counts. The case is remanded for an entry of judgment of acquittal as to the trafficking and conspiracy to traffic counts and for proceedings otherwise consistent with this opinion.

Judge LANSING and Judge GRATTON, **CONCUR**.