# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50913

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

CHADLEN DEWAYNE SMITH,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 19, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Order dismissing motion for release of property, reversed; case remanded.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Chadlen Dewayne Smith appeals from the district court's order dismissing his motion for release of property. We reverse and remand for further proceedings.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Smith was arrested for misdemeanor stalking after an officer found Smith taking pictures of the street in front of the alleged victim's home. The officer seized two cell phones and a digital camera from Smith, believing the devices contained additional evidence of the alleged stalking. The officer obtained a search warrant to view the material on these devices and found sexually explicit photographs of children. The officer determined he had probable cause to arrest Smith for sexual exploitation of a minor and arranged to meet him under the guise of returning the devices

1

to him. When they met, the officer arrested Smith and seized an additional cellphone. The officer then impounded Smith's car and seized a laptop, two thumb drives, and a hard drive during the impound inventory. Additional sexually explicit photographs of children were found on these devices. Smith was charged with sexual exploitation of a child by possession of sexually exploitative material and distribution of obscene material.

Prior to trial for these charges, Smith filed a motion to suppress and argued the officer lacked probable cause to arrest Smith for misdemeanor stalking and asserted that the impoundment of his car was a violation of his Fourth Amendment rights under the United States Constitution. Following a hearing, the district court denied Smith's motion to suppress. Smith requested a speedy trial at the pretrial conference. After multiple continuances, Smith filed a motion to dismiss for violation of his right to a speedy trial. The district court denied this motion to dismiss. At trial, a jury found Smith guilty of sexual exploitation of a child by possession of sexually exploitative material. Following entry of a judgment of conviction, Smith filed a notice of appeal[1] and argued the district court erred in denying his motion to suppress, denying his motion to dismiss, and in allowing the prosecutor to admit certain evidence at trial.

Following the notice of appeal, Smith filed a motion to release property pursuant to I.C.R. 41.1, asking the district court to order the police department to release the three cell phones. The district court had previously ordered the first of the three cell phones to be released to Smith, but he alleges the police department failed to comply with this order. Smith argued the second of the three cell phones was only relevant as evidence in the misdemeanor matter that had been dismissed. Smith argued that the third of the three cell phones could not be retained by the police based on a mere suspicion that it contained contraband. The State objected to the release of the

---

[1] On January 30, 2025, the Idaho Supreme Court released a decision in Smith's appeal. *State v. Smith*, ___ Idaho ___, ___ P.3d ___ (Jan. 30, 2025), *pet. for reh'g pending*. The Idaho Supreme Court found that the district court properly concluded the officer had probable cause to arrest Smith for misdemeanor stalking but erred when it concluded that the inventory search of Smith's car was constitutional. Accordingly, the Idaho Supreme Court reversed the district court's decision denying Smith's motion to suppress evidence and vacated his judgment of conviction. Despite this decision, the current appeal before this Court is not moot because the three cell phones in question were not obtained during the unconstitutional inventory search of Smith's car. Rather, these devices were obtained during his arrest for misdemeanor stalking and his later arrest for sexual exploitation of a child by possession of sexually exploitative material.

second and third phones but agreed that the first phone had already been ordered to be released. At the hearing on Smith's motion to release property, the district court found that it lacked jurisdiction to consider the motion while Smith's appeal was pending pursuant to I.A.R. 13(c). Smith appeals the district court's refusal to rule on his motion to release property for lack of jurisdiction.

## II.

## STANDARD OF REVIEW

Whether a court lacks jurisdiction is a question of law that may be raised at any time, *Pizzuto v. State*, 127 Idaho 469, 471 903 P.2d 58, 60 (1995), and over which appellate courts exercise free review. *State v. Barros*, 131 Idaho 379, 381, 957 P.2d 1095, 1097 (1998).

## III.

## ANALYSIS

On appeal, Smith argues that the district court had jurisdiction to consider his motion to release property pursuant to I.A.R. 13(c)(10) because the motion was authorized by law and affected Smith's substantial rights. The State contends that the district court lacked jurisdiction while an appeal was pending in the Idaho Supreme Court.

Once a notice of appeal has been filed, a trial court's jurisdiction to take further action is limited. Idaho Appellate Rule 13(c) enumerates the types of actions that may be taken by a trial court during the pendency of a criminal appeal. These actions include settling the transcript on appeal, I.A.R. 13(c)(1); ruling upon a motion for a new trial, I.A.R. 13(c)(2); granting, modifying or revoking probation, I.A.R. 13(c)(6); and ruling on a motion to correct or reduce a sentence, I.A.R. 13(c)(11). Idaho Appellate Rule 13(c) also includes a "catch-all" provision in subsection (10) which authorizes the district court to enter any other order after judgment affecting the substantial rights of the defendant as authorized by law. *State v. Wade*, 125 Idaho 522, 524, 873 P.2d 167, 169 (Ct. App. 1994). It is this catch-all authorization on which Smith relies for his contention that the district court possessed jurisdiction to resolve his motion to release property.

Smith contends that property rights are substantial rights as described in I.A.R. 13(c)(10). Smith sought the release of his property under I.C.R. 41.1, which states:

> (a)     Items to be Reclaimed. At any time after a criminal action begins, any interested party or person may apply to the trial court for an order permitting the party or person to reclaim:

> (1)    exhibits offered or admitted in evidence;
>
> (2)    documents or property displayed or considered in connection with the action; or
>
> (3)    any property in the possession of any department, agency or official who is holding the property in connection with the trial of the criminal action.
>
> (b)    Conditions and Circumstances. The trial court may grant the motion on any conditions and under any circumstances it deems appropriate, including but not limited to:
>
> > (1)    the substitution of a copy, photograph, drawing, facsimile, or other reproduction of the original exhibit, document or property; or
> >
> > (2)    the posting of a bond that the exhibit, document or property will be returned to the court if the court later orders its return in connection with the criminal action.

Idaho Criminal Rule 41.1 dictates that *at any time* after a criminal action begins, any interested party may apply to the trial court for an order permitting the party to reclaim *any* property in the possession of any department. As I.C.R. 41.1 allows for a defendant to submit a motion for release of property at any time during a criminal proceeding, it seems clear that the district court had jurisdiction to rule on Smith's motion to release property. Whether that motion should be granted is a different question but is one that the district court has the proper jurisdiction to answer, even while a case is pending appeal.

Moreover, the district court had the authority to rule on the motion to return property pursuant to I.A.R. 13(c)(10), which has been broadly interpreted by this Court to allow the district court to rule on matters that do not alter or affect the order or judgment from which the appeal has been taken. *See State v. Wilson*, 136 Idaho 771, 773, 40 P.3d 129, 131 (Ct. App. 2001) (holding the district court erred in concluding that it lacked jurisdiction to rule on the appellant's motion for withdrawal of his guilty plea). The district court was authorized by I.C.R. 41.1 to make a determination on Smith's motion for release of property and that authority was retained even while the appeal was pending, as supported by the catch-all provision found in I.A.R. 13(c)(10). It appears that a ruling on the motion would not affect or alter the judgment from which the appeal was taken. Thus, the district court erred in denying Smith's motion and the case is remanded for further proceedings consistent with this opinion.

4

## IV.

## CONCLUSION

The district court had jurisdiction to rule on Smith's motion to release property while an appeal was pending. Accordingly, we reverse the district court's order denying the motion and the case is remanded for further proceedings consistent with this opinion.

Judge HUSKEY and Judge TRIBE, **CONCUR**.