# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 46156/46836

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 15, 2020 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| BRET DAVE HOLLINGSWORTH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |
| BRET DAVE HOLLINGSWORTH, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment of conviction and sentence for aggravated battery, <u>affirmed</u>; order denying motion to withdraw guilty plea, <u>affirmed</u>; and judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

John C. Lynn, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Bret Dave Hollingsworth appeals from the trial court's judgment of conviction and sentence for aggravated battery and order denying motion to withdraw guilty plea, and from the

1

district court's[1] judgment dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal is the result of consolidated cases involving a direct appeal and the dismissal of a petition for post-conviction relief. In 2016, the State charged Hollingsworth with aggravated battery with the use of a deadly weapon. Idaho Code §§ 18-907(a), 19-2520. Per counsel's advice, Hollingsworth waived his preliminary hearing and pled not guilty. Eventually, Hollingsworth agreed to plead guilty if the State would dismiss the deadly weapon enhancement. The agreement additionally noted the State would recommend a unified term of fifteen years with seven years determinate and Hollingsworth would be able to argue for less. Hollingsworth executed a guilty plea advisory form. During the plea colloquy with the trial court, Hollingsworth stated: "I believe I stabbed [the victim], Your Honor, and it was an unlawful act." The trial court sentenced Hollingsworth to a unified term of fifteen years with seven years determinate. No appeal was filed from this judgment.

A year later, Hollingsworth filed a petition for post-conviction relief, claiming his guilty plea was improperly accepted by the trial court and that it was not made knowingly, voluntarily, and intelligently. He claimed he was not competent to waive his rights and enter a plea and that the district court improperly accepted his plea for a variety of reasons. Hollingsworth further alleged his trial counsel was ineffective for, among other things,[2] failing to file an appeal and instructing him to waive his right to a preliminary hearing. The State moved for summary dismissal of all of Hollingsworth's claims except the claim regarding trial counsel's failure to file an appeal. On the appeal claim, the State asked the district court to grant relief.

Following a hearing on the State's summary dismissal motion, the district court entered an order which granted the State's motion in part and denied it in part. Specifically, the district court concluded Hollingsworth's plea was knowing, intelligent, and voluntary and was properly

---

[1]    The post-conviction court will be referred to as the district court and matters directly referring to the criminal proceeding will reference the trial court.

[2]    Hollingsworth alleged his trial counsel was ineffective for waiving his preliminary hearing; failing to file an appeal; never explaining the elements of self-defense; failing to seek a competency evaluation; being intimidated by the prosecutor; and refusing to fully and effectively investigate the facts alleged, and the viability of a self-defense claim.

accepted by the trial court. With respect to the claims regarding ineffective assistance of counsel, the district court dismissed the claims, except the district court concluded the claim regarding counsel's advice to waive the preliminary hearing was a potential shortcoming requiring an evidentiary hearing. In addition, because the State agreed with Hollingsworth's claim that counsel was ineffective for failing to file an appeal, the district court stated it would refile Hollingsworth's judgment of conviction in the underlying criminal matter so Hollingsworth could file an appeal. The judgment was refiled in 2018 and shortly after Hollingsworth filed a motion to withdraw his guilty plea and reconsider his sentence. The trial court denied Hollingsworth's motion to withdraw his guilty plea and his motion to reconsider his sentence.

Hollingsworth then moved the district court to reconsider its prior order partially granting the State's motion for summary dismissal. The State filed another motion for summary dismissal. The district court denied both motions, stating Hollingsworth's declarations were sufficient to withstand a motion for summary dismissal and proceed to an evidentiary hearing on the remaining claim of ineffective assistance of counsel for waiving the preliminary hearing. Following a deposition of Hollingsworth's trial counsel, where she explained her reasoning for advising Hollingsworth to waive his preliminary hearing, the parties both filed motions for summary dismissal. The State asserted trial counsel's performance was not deficient and even if it was, Hollingsworth failed to establish he was prejudiced by that performance. Hollingsworth argued there was no reasonable strategy or tactic employed by his trial counsel that could explain her recommendation to waive the preliminary hearing. The district court granted the State's motion, holding the deposition demonstrated that trial counsel's tactics and strategy were reasonable.

The district court subsequently issued a judgment granting Hollingsworth relief on the claim that his trial counsel was ineffective by failing to file a direct appeal, but denying relief on the other claims in the petition. Hollingsworth timely appeals.

## II.

## ANALYSIS

Hollingsworth raises five issues in this consolidated appeal: (1) the trial court erred in accepting his guilty plea; (2) the trial court erred by denying his motion to withdraw his guilty plea under Idaho Criminal Rule 33 and his claims for relief under I.C.R. 35; (3) the district court erred by summarily dismissing several of his claims of ineffective assistance of counsel; (4) the district court erred by denying his motion for reconsideration by declining to apply the doctrine of

3

cumulative error, and; (5) the district court erred by denying his claim of ineffective assistance of counsel for waiving the preliminary hearing. For the reasons set forth below, we affirm.

**A.     The Trial Court Did Not Err by Accepting Hollingsworth's Guilty Plea**

Hollingsworth argues that the trial court abused its discretion by accepting his guilty plea. Specifically, Hollingsworth contends that because the trial court failed to advise him of the elements of the charge, including the elements of self-defense, and did not establish a factual basis for the charge, his plea was not knowing, intelligent, and voluntary. The determination that a plea is entered knowingly, intelligently, and voluntarily involves a three-part inquiry: (1) whether the defendant's plea was voluntary in the sense that he or she understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived the right to a jury trial, to confront his or her accusers, and to refrain from self-incrimination; and (3) whether the defendant understood the consequences of pleading guilty. *State v. Umphenour*, 160 Idaho 503, 507, 376 P.3d 707, 711, (2016). On appeal, the voluntariness of the guilty plea must be reasonably inferred from the record as a whole. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

In this case, the trial court engaged in numerous inquiries to ensure Hollingsworth understood his guilty plea. First, during the entry of plea hearing, the trial court confirmed Hollingsworth had read and understood the questions in the guilty plea advisory form and that the answers therein were true. Hollingsworth answered "yes" to the questions including: "Do you understand that by pleading guilty you waive or give up any defenses, both factual and legal, that you believe you may have in this case?"; "Do you understand that when you plead guilty, you are admitting the truth of each and every allegation contained in the charge(s) to which you plead guilty?"; do you understand "*no one*, **including your attorney**, can force you to plead guilty"; you are "pleading guilty freely and voluntarily"; and you are pleading guilty because you "committed the acts alleged in the information or indictment." Hollingsworth affirmed, under penalty of perjury, that the foregoing was correct.

4

Next, the trial court engaged in a colloquy with Hollingsworth to ensure that his guilty plea was knowing, intelligent, and voluntary. Hollingsworth affirmed that he wanted to plead guilty. Hollingsworth acknowledged that he had no questions regarding the plea advisory form. He also stated that he did not answer a question on the form that he did not understand. When asked what he understood the plea agreement to mean, Hollingsworth answered, "As it states there, admitting to an unlawful crime." Hollingsworth further assured the trial court that he had time to speak with his attorney, did not need more time to consider the decision, his attorney had sufficiently answered his questions, the decision to plead guilty was his alone, and his decision was voluntary.

Following Hollingsworth's affirmations, the trial court read the charging language and asked Hollingsworth how he wanted to plead to the charge, to which he responded, "Guilty, Your Honor." The trial court then gave Hollingsworth the opportunity to recite his version of the facts. At one point during the account, the following discussion took place:

| | |
|---|---|
| Hollingsworth: | I worked late. I came home. I consumed alcohol. I went next door to my ex-girlfriend's house. I entered the garage. The garage door to the house opened. She was there with the dog. I started to enter the house. There was a surprised- I confronted [the victim]. I had never seen him before, didn't know he was there. |
| | We had a struggle. Unfortunately I had a knife in my hand. She had a habitual--we had a co-dependent drinking problem. I was getting something out of the freezer right next to the door. At that time of night she was in the bath and I'd be trying to see the dog. We were both surprised. There was a struggle. |
| | And I felt that I was in great danger and I'm sure [the victim] feels--I do not recall all of the details. I do know for a fact now after many months of being unclear what had happened. And the part that--I understand that it's unlawfully because I did stab him. I feel I did it willfully. I did not go there to harm anyone. |
| Court: | Did you stab [the victim]? |
| Hollingsworth: | I don't recall that, Your Honor. To be honest, I do not recall that. The evidence shows [the victim] was stabbed many times and I did not recognize the knife in the photographs, but I've been suffering from head trauma for months and I do not recall that part. |
| Court: | So you said a couple of things that concern me. One is you are suggesting the potential defense of self-defense. If you plead guilty and I accept your guilty plea, you will be giving up that potential defense. Do you understand that? |

5

| Hollingsworth: | Yes, Your Honor. |
| Court: | You are also, not to my ears, specifically acknowledging the act that would make you guilty of this crime. Do you still want to plead guilty? |
| Hollingsworth: | I believe I stabbed [the victim], Your Honor, and it was an unlawful act. |

Upon hearing this response, the trial court allowed the State to articulate the factual support for the charge. It then resumed its colloquy with Hollingsworth as follows:

| Court: | Mr. Hollingsworth, is there anything that's contained in the charging language of the information that I just read you that you disagree with? |
| Hollingsworth: | No, Your Honor. |
| Court: | Do you still want me to accept your guilty plea? |
| Hollingsworth: | Yes, Your Honor. |

The record demonstrates Hollingsworth's plea was entered knowingly, intelligently, and voluntarily and is constitutionally valid.

Hollingsworth contends that the trial court failed to advise him of the elements of the offense. This is belied by the record. The trial court read the charging language in the information to Hollingsworth in open court, and he confirmed that there was nothing in the charging language that he disagreed with. The charging language included that Hollingsworth "willfully and unlawfully" used force and/or violence upon the victim by stabbing the victim with a knife causing multiple stab wounds. As Hollingsworth acknowledges, aggravated battery is a general intent crime, meaning that the crime is complete when the perpetrator uses force upon another willfully and unlawfully. The requirement for the court to advise the defendant as to intent is satisfied where the information containing a reference to the necessary element of intent was read to the defendant and the defendant had the ability to understand. *See State v. Bradley*, 98 Idaho 918, 918-19, 575 P.2d 1306, 1306-07 (1978); *Schmidt v. State*, 103 Idaho 340, 343, 647 P.2d 796, 799 (Ct. App. 1982). In *Sparrow v. State*, 102 Idaho 60, 61, 625 P.2d 414, 415 (1981), the Court held that a defendant's denial of criminal intent does not affect the validity of the guilty plea. Moreover, Hollingsworth cites no authority for the proposition that the district court is required to advise a defendant of the elements of a possible affirmative defense, like self-defense. *See State v. Zichko*, 129 Idaho 259, 263, 923 P2d 966, 970 (1996).

Hollingsworth additionally argues, citing *Schmidt*, that the trial court did not establish a sufficient factual basis for the plea because it did not explain the elements of self-defense, which

6

he claims would show that his actions were not "unlawful." *Schmidt*, however, does not stand for the proposition that trial courts are required to explain the elements of potential affirmative defenses. It states the general rule that there is no requirement to inquire as to the factual basis for a plea. *Schmidt*, 103 Idaho at 345, 647 P.2d at 801. However, *Schmidt* identifies three exceptions:

> Several exceptions to this general rule have developed in cases where a defendant seeks to have his plea accepted by the court, but (a) does not recall the facts of the incident which resulted in the offense charged, or (b) is unwilling or unable to admit his participation in the acts constituting the crime, or (c) couples his plea with continued assertion of innocence.

*Id*. Hollingsworth contends all three exceptions apply. As to the first exception, he claims he does not recall the events. However, as to the next two exceptions he claims he provided the trial court enough facts regarding the incident to suggest self-defense. These positions are inconsistent[3] and the application of any of the exceptions dubious under the circumstances. However, even if applicable, the trial court amply established the factual basis as well as Hollingsworth's understanding thereof.

In *Schmidt*, this Court found the factual basis sufficiently established where:

> At the sentencing hearing, in the course of making a recommendation to the court for disposition of Schmidt's case, the prosecutor orally advised the court in the presence of Schmidt and his counsel of Schmidt's involvement in the delivery of the controlled substance. Schmidt did not dispute the prosecutor's statements.

*Id*. at 345-46, 647 P.2d at 801-02. Here, the prosecutor placed the factual basis for the charge on the record at the plea colloquy in the middle of the discussion between Hollingsworth and the trial court about the possibility of a self-defense claim.[4] Hollingsworth did not dispute the prosecutor's statements.[5] The trial court reiterated that Hollingsworth would be waiving the ability to assert a

---

[3]  On one hand Hollingsworth claims an inability to recall and on the other hand claims to have recalled enough facts regarding the incident to suggest self-defense.

[4]  Hollingsworth asserts that additional information was provided to the trial court about the possible self-defense claim in the presentence investigation report and allocution at sentencing, requiring further inquiry. The trial court itself raised the self-defense issue at the plea hearing. That further information was not materially different from what had initiated the trial court's discussion during the plea colloquy.

[5]  Hollingsworth complains that the trial court did not ask him if he agreed with the statements. However, if he did not recall the events, he had no basis to disagree. In any event, this Court in *Schmidt* did not require the trial court to solicit agreement or disagreement.

claim of self-defense and Hollingsworth then reaffirmed his desire to plead guilty.[6] Hollingsworth's guilty plea was entered knowingly, intelligently, and voluntarily. The trial court did not err or abuse its discretion in accepting his plea.

## B. The Trial Court Did Not Err in Denying Hollingsworth's Motion to Withdraw His Guilty Plea

Hollingsworth argues the trial court erred by denying his motion to withdraw guilty plea and reconsider sentence. Specifically, he argues the trial court abused its discretion by refusing to judicially notice the documents from the post-conviction proceedings in considering whether Hollingsworth establish a basis for withdrawing his guilty plea. First, Hollingsworth has failed to show error in the trial court's refusal to judicially notice the entire post-conviction file in the criminal case. He fails to demonstrate any error by the trial court under Idaho Rule of Evidence 201. Moreover, a request to judicially notice an entire file is inappropriate under Rule 201. *See Rome v. State*, 164 Idaho 407, 414, 431 P.3d 242, 249 (2018). Second, and most importantly, nothing in the post-conviction file expressly addressed the legal requirement or authority applicable to an Idaho Criminal Rule 33 motion to withdraw or motions under Rule 35(a) (illegal sentence) or Rule 35(b) (leniency). The trial court denied the motion because Hollingsworth refused to present the trial court with any argument or authority to support his motion. As correctly stated by the trial court, parties are required to support their claims with propositions of law, authority, or argument. *Zichko*, 129 Idaho at 263, 923 P.2d at 970. Because Hollingsworth did not address any pertinent authority or facts applicable to such authority in support of his motions, the trial court did not abuse its discretion when it denied the motions.

## C. The District Court Did Not Err in Summarily Dismissing Post-Conviction Claims

Hollingsworth claims the district court erred by summarily dismissing all but two of his claims of ineffective assistance of counsel. The State argues the dismissals were proper because Hollingsworth failed to demonstrate a genuine issue of material fact regarding his guilty plea and the other issues related to ineffective assistance of counsel. We agree with the State.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104

---

[6] Hollingsworth's assertion of misunderstanding as to a self-defense claim was he thought that it was only applicable in one's own home. However, that notion was dispelled when the trial court raised the issue of self-defense in the context of an altercation which was not in Hollingsworth's home.

8

Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories and admissions, and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé*

9

*v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### 1. Hollingsworth's guilty plea

Hollingsworth challenges the district court's rejection of his post-conviction claims regarding his guilty plea:

> Petitioner contends that the Court erred in accepting the Petitioner's guilty plea in three respects: (1) because Petitioner informed the Court three times that he did not intend to hurt the victim; (2) because the Court failed to adequately advise Petitioner of the elements of the crime at issue, Aggravated Battery, or the elements of self-defense; and, (3) because Petitioner was not competent to enter a guilty plea.

Turning to the first claim, Hollingsworth asserts the district court erred by rejecting his argument that the acceptance of his guilty plea was in error because he did not *intend* to hurt the victim. The district court rejected this claim because aggravated battery is a crime of general intent and intent to harm the victim is not an element of the crime. We similarly acknowledge that the district court's inquiry during Hollingsworth's plea hearing was sufficient. Moreover, Hollingsworth's protestations about intent were not relevant to accepting his guilty plea given his recitation of facts and affirmations at the guilty plea hearing as discussed above. For these reasons,

10

and as set forth above, the district court did not err by summarily dismissing Hollingsworth's claim based on this theory.

Next, Hollingsworth asserts the district court erred by rejecting his argument that the acceptance of his guilty plea was in error because he was not advised of the elements of the crime or of self-defense. As discussed above, because the trial court was not required to advise Hollingsworth of the elements of self-defense and because it *did* advise him of the elements of the charge, the district court did not err in rejecting this theory and summarily dismissing his claim based on this theory.

Finally, Hollingsworth asserts the district court erred by rejecting his argument that the acceptance of his guilty plea was in error because he was not competent to enter a plea. He claims he was suffering from health disorders at the time which left him unable to enter a plea properly. The district court relied on the record, as discussed above, and found it demonstrated Hollingsworth's understanding of the proceedings. Though the district court was required to accept Hollingsworth's unrebutted allegations as true and construe inferences in his favor, it was not required to accept as true statements contradicted by the record in the underlying criminal case. *Charboneau*, 140 Idaho at 793-94, 102 P.3d at 1112-13. Though Hollingsworth points to the presentence investigation report as evidence of his impaired health, it actually demonstrates a normal score on a cognitive impairment screen. It also shows a CT scan that an examining doctor described as normal. Further, courts are not required to conduct an evidentiary hearing to determine which of petitioner's contrary statements is more credible. *Campos v. State*, 165 Idaho 90, 94, 438 P.3d 787, 791 (Ct. App. 2019). Hollingsworth points to notes between his trial counsel and himself that purport to demonstrate some confusion on his part. However, these notes were admittedly written before Hollingsworth completed the guilty plea advisory form and appeared before the trial court. The record reflects these questions were discussed with his attorney at the time and that he later stated, under oath, that he had enough time to have his questions answered and addressed. The district court properly relied on the solemn declarations made in open court, which carry a strong presumption of verity. *United States v. Rivera-Ramirez*, 715 F.2d 453, 458 (9th Cir. 1983). Moreover, the district court was not required to ignore these declarations and proceed to an evidentiary hearing on the issue. For these reasons, the district court did not err by rejecting this theory and summarily dismissing this claim.

### 2. Ineffective assistance of counsel

Hollingsworth argues on appeal that the post-conviction court erred by dismissing his various assertions that his trial counsel was ineffective.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

**a. Inexperience, fear, and intimidation:** Hollingsworth argued to the district court and again on appeal that the declarations submitted to the district court, particularly that of his niece, Mandy Dillard, show that trial counsel was intimidated by the prosecutor and that this intimidation severely prejudiced him as a result. The district court correctly concluded that Dillard's perception and interpretation of any statements made by trial counsel was immaterial to a determination that trial counsel's performance fell below an objective standard of reasonableness. Moreover, Hollingsworth failed to show how or why, but for the alleged inexperience, fear, and intimidation, he would not have pled guilty.

**b. Competency:** Hollingsworth argued that trial counsel failed to inform the trial court that he was having difficulty understanding some of the questions on the advisory form during his entry of plea. He argued that his declaration describing his mental state and competency during the trial court proceedings, including the entry of a guilty plea, is clearly admissible evidence that is not merely conclusory, hearsay, or lacking in foundation. He also pointed to

12

Dillard's claim that trial counsel felt that Hollingsworth was "not mentally able to stand trial." The district court acknowledged these claims and appropriately determined that, based on the record and Hollingsworth's written and oral responses to the trial court, he was able to understand and completely respond to all of the trial court's questions during the proceedings in a competent manner and his conclusory claims of incompetence were disproven by the record.

**c. Elements of self-defense and other advice:** Hollingsworth argued that he suffered prejudice as he would have gone to trial had he been represented by competent counsel who had informed him of his right to self-defense. The district court noted that the crime of aggravated battery does not contain an element requiring that the defendant "intend to harm the victim." Below and on appeal, Hollingsworth mistakenly argues that the intent to harm the victim was an element of the crime charged and that, had he been informed of his right to self-defense, he would have gone to trial. The district court further did not err in rejecting Hollingsworth's claims as the district court is not required to accept "mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law." *Hughes v. State*, 148 Idaho 448, 451, 224 P.3d 515, 518 (Ct. App. 2009).

**d. Failure to investigate/file motion to suppress/file motion in limine/fingerprint testing:** Hollingsworth argued that had he been assisted by competent counsel, a number of strategic tools were available to pursue and uncover the truth about the crime itself and the investigation that followed. Hollingsworth argued that trial counsel failed to investigate and develop evidence that his ex-girlfriend had a motive to set-up the confrontation with the victim and failed to develop evidence challenging her credibility. He argued trial counsel should have filed a motion to suppress any evidence obtained during a detective's questioning in the emergency room after the confrontation with the victim. Hollingsworth argued trial counsel should have filed a motion in limine challenging statements by his ex-girlfriend and the victim as to his purported prior malicious acts against her. He also argued that trial counsel should have fingerprint-tested the sword found in his ex-girlfriend's home to show that she lied in saying that it was his. The district court correctly held:

> "[T]his Court does not second-guess strategic and tactical decisions, and such decisions cannot serve as a basis for post-conviction relief unless the decision is shown to have resulted from inadequate preparation, ignorance of the relevant law or other shortcomings capable of objective review." *Yakovac*, 145 Idaho at 444, 180 P.3d at 483. "There is a strong presumption that trial counsel was competent and that trial tactics were based on sound legal strategy." *Dunlap*, 141 Idaho at 58-

13

59, 106 P.3d at 384-85. Under an objective review of the record and the arguments of the parties, the Petitioner has failed to present any evidence to show that any of alleged investigative or evidentiary shortcomings ascribed to [trial counsel] were the product of "inadequate preparation, ignorance of the relevant law," or how, but for those shortcomings, Petitioner would not have pled guilty.

**e. Failure to review discovery/failure to explain the guilty plea advisory form/pressure to plead guilty:** Below, Hollingsworth argued that trial counsel failed to timely review the discovery materials with him. He argued that he was not properly advised and assisted throughout the entry of plea process and that he did not understand the elements of the charge nor the elements of self-defense. He further argued that he was not advised as to the possibility of substantial restitution. Lastly, Hollingsworth argued that trial counsel pressured him into pleading guilty and that by the time he actually did plead guilty, he had been "beaten down" because of his health and the failure of his counsel to put up any defense. Again, the district court correctly held that Hollingsworth's conclusory allegations were all contrary to the sworn written and oral statements he made during the plea hearing. Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings. *McGiboney v. State*, 160 Idaho 232, 235, 370 P.3d 747, 750 (Ct. App. 2016). The district court did not err in summarily dismissing the above claims of ineffective assistance of counsel.

**3. Motion for reconsideration and cumulative error**

Following the partial grant of the State's motion for summary dismissal, Hollingsworth filed a motion for reconsideration where he asserted the district court erred by addressing the claims in isolation without addressing their cumulative effect. He argued there were many deficiencies which, if viewed from a cumulative perspective, demonstrate counsel was ineffective. The district court denied the motion finding Hollingsworth failed to show the cumulative error doctrine could be applied at the summary dismissal stage and additionally to assert more than one error: "a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. . . . a necessary predicate to the application of the doctrine is a finding of more than one error." The district court noted that it had not found any errors, making the doctrine of cumulative error inapplicable.

On appeal, Hollingsworth argues this determination is clear error as the district court had determined trial counsel's failure to file an appeal had already been deemed an error. Hollingsworth's arguments misunderstand the cumulative error doctrine. First, the assertion of a number of alleged deficiencies of trial counsel, none of which, individually, have been found to

14

constitute deficient performance, are not cumulated to collectively constitute deficient performance. The doctrine cumulates determined error to establish prejudice. Second, error for which relief is granted, here the failure to appeal claim, is not cumulated with error that constitutes deficient performance to establish prejudice from the deficient performance. Third, an error which affects procedure, here the failure to invoke the appellate process by filing a notice of appeal, is not cumulated with asserted deficient performance to establish prejudice undermining the conviction or sentence. Fourth, even counting the error in failing to file an appeal amounts to a single error, which necessarily fails to satisfy the requirements of the cumulative error doctrine. For these reasons, Hollingsworth's motion was without merit and properly denied.

**D.     The District Court Did Not Err in Denying the Preliminary Hearing Claim**

After the district court dismissed the majority of the claims in Hollingsworth's petition and granted relief on the claim that counsel failed to file an appeal, one claim remained: trial counsel was ineffective by advising him to waive his preliminary hearing. The deposition of trial counsel, relative to the waiver of the preliminary hearing, was completed and submitted to the district court along with other evidence and additional briefing. The district court announced its decision in open court and denied the claim.

The district court concluded that trial counsel had two strategic reasons for advising Hollingsworth to waive his preliminary hearing: attempting to avoid antagonizing the State in order to maintain an offer and to avoid signaling the kind of questions and tactics that she planned to use at trial. Tactical decisions will not be second-guessed by this Court unless those decisions are based upon inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994). A court's scrutiny of counsel's performance must be highly deferential and must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Hollingsworth contends that the case boiled down to the question of "was Hollingsworth a jealous stalker intent on harm or was he acting in self-defense when assaulted by [the victim] when the door opened?" He points to evidence and his own claims that trial counsel did or should have had relative to the decision to waive the preliminary hearing, such as an explanation of why he was in his ex-girlfriend's garage with a knife; his claim at the guilty plea hearing that he did not go to her house with the intent to hurt anyone; that he was okay with his ex-girlfriend moving on;

15

that his ex-girlfriend may have had a motive to set him up and instigate a confrontation with the victim; that he was surprised when the door opened; and that his ex-girlfriend and the victim's credibility were subject to attack. Hollingsworth further contends that trial counsel's decision to waive the preliminary hearing was not reasonable because, as a result of trial counsel's inexperience, she did not have or review all available evidence and the settlement offer expired.

As noted, the district court concluded that trial counsel's strategic reasons of attempting to avoid antagonizing the State in order to maintain an offer and to avoid signaling the kind of questions and tactics that she planned to use at trial, were reasonable strategy choices. We agree. Trial counsel stated the risk of provoking the victim and putting more pressure on the prosecutor outweighed any potential benefit that could be gained at a preliminary hearing. Additionally, she explained attacking a certain witness's credibility at the preliminary hearing would reveal her trial strategy and signal to the witness ways to potentially enhance her story. Based on this explanation, the district court concluded trial counsel's decision was fairly grounded in reasonable trial strategy. Counsel acknowledged that a preliminary hearing can be useful and important in pinning down the testimony of witnesses, and even showing weakness in the prosecution's case. However, the purpose of a preliminary hearing is to determine if there is enough evidence to bind a person over for trial, and here there was. Trial counsel did not believe the victim and Hollingsworth's ex-girlfriend's credibility was seriously at issue given the facts of the case and would best be examined at trial. Trial counsel also indicated how, at the time, Hollingsworth's memory issues would hamper the effectiveness of going forward with the preliminary hearing.

Hollingsworth failed to establish that trial counsel's advice to waive the preliminary hearing resulted from inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. Because trial counsel's advice to waive the preliminary hearing was objectively reasonable, the district court did not err in denying Hollingsworth's remaining claim for post-conviction relief.

## IV.
## CONCLUSION

Because Hollingsworth has failed to demonstrate the trial court erred by accepting his guilty plea and denying his motion to withdraw his guilty plea and reconsideration of sentence, the judgment of conviction for aggravated battery and order denying motion to withdraw guilty plea and reconsider sentence are affirmed. Additionally, because Hollingsworth has failed to

demonstrate the district court erred by dismissing the claims contained in his petition for post-conviction relief and denying his motion for reconsideration, the district court's judgment dismissing his petition for post-conviction relief is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.