# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50501

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 12, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TIMOTHY ALAN PEARSON, JR., | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Appeal from order denying motion to withdraw guilty pleas, <u>dismissed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Timothy Alan Pearson, Jr. appeals from a district court order denying his motion to withdraw his guilty pleas. For the reasons stated below, we dismiss the appeal for lack of appellate jurisdiction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pearson was charged with two counts of lewd conduct with a minor under sixteen, three counts of sexual abuse of a child under the age of sixteen years, two counts of intimidating a witness, six counts of violation of a no-contact order, two counts of disseminating material harmful to minors, and a persistent violator enhancement. Pearson entered into a plea agreement whereby he pled guilty to two counts of sexual abuse of a child under the age of sixteen years. I.C.

1

§ 18-1506. In exchange for his guilty pleas, the State dismissed the remaining charges. The district court entered a judgment of conviction and sentenced Pearson to an aggregate term of fifty years, with a minimum aggregate period of confinement of twenty-five years. Pearson filed a notice of appeal on July 22, 2022. A month later, on August 23, 2022, Pearson filed an I.C.R. 33(c) motion to withdraw his guilty pleas while his direct appeal was pending.[1] On January 24, 2023, the State objected to Pearson's motion to withdraw his guilty pleas. On January 25, 2023, after issuance of the remittitur in Pearson's direct appeal, the district court held a hearing regarding Pearson's motion to withdraw his guilty pleas. The district court denied Pearson's motion on January 30, 2023. Pearson appeals.

## II.

## ANALYSIS

Pearson argues that the district court abused its discretion when it denied his post-sentencing motion to withdraw his guilty pleas because, he asserts, the district court failed to correct manifest injustice under I.C.R. 33(c). The State responds that the district court did not have jurisdiction to consider Pearson's motion to withdraw his guilty pleas. The State asserts the district court lost jurisdiction to consider the motion when Pearson filed his notice of appeal on July 22, 2022, or no later than when this Court issued the remittitur in Pearson's direct appeal on January 23, 2023. Alternatively, the State argues that, even if this Court has jurisdiction to consider Pearson's argument, his guilty pleas were constitutionally valid and he has failed to establish that manifest injustice would result if he were not permitted to withdraw his guilty pleas. We hold that, upon issuance of the remittitur in Pearson's direct appeal, the district court lost jurisdiction to consider Pearson's motion to withdraw his guilty pleas.

Although the district court did not address whether it had subject matter jurisdiction to consider Pearson's motion to withdraw his guilty pleas, we may address the issue for the first time on appeal. *See State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004) (explaining that subject matter jurisdiction may be raised at any time, including for the first time on appeal).

---

[1] On direct appeal, this Court affirmed Pearson's judgment of conviction in an unpublished opinion. *See State v. Pearson*, Docket No. 49911 (Ct. App. Jan 10, 2023). This Court issued a remittitur on January 23, 2023.

Whether a court has subject matter jurisdiction is a question of law over which the appellate court exercises free review. *State v. Gorringe*, 168 Idaho 175, 178, 481 P.3d 723, 726 (2021).

Relying on *State v. Umphenour*, 160 Idaho 503, 376 P.3d 707 (2016), the State first asserts that the district court did not have jurisdiction to consider Pearson's August 23, 2022, motion to withdraw his guilty pleas because the motion was filed after Pearson's July 22, 2022, notice of appeal. In *Umphenour*, after filing a notice of appeal, Umphenour filed a motion for commutation of his sentence, suspension of execution of the judgment and placement on supervised probation/drug court or manifest injustice for withdrawal of his guilty plea. *Umphenour*, 160 Idaho at 507-08, 376 P.3d at 711-12. The district court initially determined it did not have jurisdiction to consider the motion but later issued an order denying Umphenour's motion to withdraw his guilty plea. The Idaho Supreme Court held that, upon the filing of Umphenour's notice of appeal, the district court had no jurisdiction to take any action in the case except as permitted in I.A.R. 13 and that the "only provision of that rule that is arguably applicable to a motion to withdraw a guilty plea is subsection 13(c)(10)." *Umphenour*, 160 Idaho at 508, 376 P.3d at 712. The Court did not analyze whether Umphenour's motion qualified under I.A.R. 13(c)(10). Instead, the Court noted that Umphenour did not cite any law authorizing a district court to rule on a motion to withdraw a guilty plea while the case is on appeal "nor [was it] aware of any such law." *Umphenour*, 160 Idaho at 508, 376 P.3d at 712.

However, as the Court acknowledged, I.A.R. 13(c)(10) is relevant to whether a district court can consider a motion to withdraw a guilty plea during the pendency of a direct appeal from the judgment entered in a criminal case. Pursuant to I.A.R. 13(c)(10), during the pendency of an appeal, the district court retains the authority to enter any order after judgment that affects the substantial rights of the defendant "as authorized by law." This provision of I.A.R. 13 was intended as a catch-all exception for orders that are part of the criminal process and should not be delayed until an appeal concludes. *State v. Wade*, 125 Idaho 522, 524, 873 P.2d 167, 169 (Ct. App. 1994). A motion to withdraw a guilty plea fits within this exception. *See State v. Wilson*, 136 Idaho 771, 773, 40 P.3d 129, 131 (Ct. App. 2001). Motions to withdraw guilty pleas are authorized by law (I.C.R. 33) and orders on such motions affect the substantial rights of a defendant. *Wilson*, 125 Idaho at 773, 40 P.3d at 131. As such, a motion to withdraw a guilty plea may be considered while an appeal is pending. *Id.*

The State next argues that the district court lost jurisdiction to consider Pearson's motion to withdraw his guilty pleas once the remittitur issued on January 23, 2023. Once a judgment becomes final, a trial court lacks jurisdiction to amend or set aside the judgment absent a statute or a rule extending jurisdiction. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132; *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003); *State v. Armstrong*, 146 Idaho 372, 377-78, 195 P.3d 731, 736-37 (Ct. App. 2008). A judgment becomes final at the expiration of time for appeal or affirmance of the judgment on appeal, and a motion to withdraw a guilty plea may not be granted thereafter. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714; *Armstrong*, 146 Idaho at 377-78, 195 P.3d at 736-37.

Pearson's judgment of conviction became final upon the issuance of the January 23, 2023, remittitur. The hearing on Pearson's motion did not occur until January 25, 2023. Since the district court's hearing and decision on Pearson's motion occurred after his judgment of conviction became final, the district court lacked jurisdiction to consider Pearson's motion to withdraw his guilty pleas.[2] Because the district court lost jurisdiction to consider Pearson's motion to withdraw his guilty pleas, Pearson's appeal from the district court's order denying his motion to withdraw his guilty pleas is dismissed.

### III.

### CONCLUSION

The district court lacked jurisdiction to consider Pearson's motion to withdraw his guilty pleas post-sentencing because the hearing on the motion occurred after his judgment of conviction

---

[2] Even had the district court heard Pearson's motion to withdraw his guilty pleas while it had jurisdiction, Pearson has failed to demonstrate that the district court abused its discretion in denying his motion. Pearson asserts that manifest injustice was established because he was "not guilty of these charges," "believed it [was] in his best interest to take this to trial," and entered his guilty pleas under heavy duress and deep depression due to family pressures. Although Pearson claims he is innocent of the charges, a mere assertion of innocence, by itself, is not grounds to withdraw a guilty plea. *See State v. Hanslovan*, 147 Idaho 530, 537, 211 P.3d 775, 782 (Ct. App. 2008). Moreover, "anxiety and pressures from the defendant's family situation do not constitute impermissible coercion." *Id.* at 537-38, 221 P.3d at 782-83. As long as a factual basis for the plea exists, the trial court may accept a tactical guilty plea even from a defendant who continues to assert his innocence. *Id.* Pearson provided a factual basis for his guilty pleas at the time he entered them.

4

became final by the issuance of the remittitur.  Similarly, this Court lacks appellate jurisdiction to consider Pearson's argument that the district court abused its discretion in denying his motion to withdraw his guilty pleas post-sentencing.  Accordingly, this appeal from the district court's order denying Pearson's motion to withdraw his guilty pleas is dismissed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.